469 P.2d 9

**STATE of Utah, Plaintiff and Respondent,**

v.

**Verl Von FARNWORTH, Defendant and Appellant.**

**No. 11126.**

Supreme Court of Utah.

May 7, 1970.

**224**

Jimi Mitsunaga, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a judgment wherein he was convicted of and sentenced for the crime of murder in the second degree. He claims error was committed in that statements made to police officers were improperly admitted in evidence.

The facts are not in serious dispute and are mostly as the defendant claimed them to be. He had an argument in his home with a grown son and was heard to say, "I'll kill you." He then left the house and secured a pistol from his car. On his way back to the house he fired one shot into the ground. When he returned to the house, he found his son also with a pistol in his hand. The defendant testified that the son said, "I've got a gun on you, and you haven't the guts to shoot." The defendant then shot and killed his son.

Within a few minutes an officer came in and arrested the defendant, who said that there was no need for handcuffs, as he wasn't going to hurt anybody. He also said that he shot the boy and that he wasn't sorry. He also said that he hoped the boy wouldn't die for his (defendant's) wife's sake. These statements were voluntarily given without any questions being asked.

On the way to the police station the defendant was very talkative regarding the affair—so much so in fact that the arresting officer stopped another police car and had the driver thereof witness his giving the Miranda warning to the defendant. The officer explained what he did as follows:

Q And will you go through the procedure that you—how you advised the Defendant and what his reply was?

A All right. I said first of all, "You have the right to remain silent," and I asked him if he understood this and he said he did. I told him that anything you say can and will be used against you in a court of law. I then asked him if he understood this statement and he said that he did. I said, "You have the right to talk to a lawyer and have him present with you while you are being questioned," and I asked him if he understood this question and he replied that he did. I, also, stated that, "If you cannot afford to hire a lawyer one will be appointed to represent you before any questioning if you wish," and I asked him if he understood this question and he stated that he did.

\* \* \* \* \* \*

Q What did the Defendant say after he was advised?

A Oh, he started to talk about the circumstances of the incident again and I asked him if in so doing he was waiving his rights to an attorney and he said, "I guess I ought to talk to a lawyer before I make a formal statement, but I'll tell you what happened."

Q Now, after he made this statement did you ask him questions regarding this matter?

A Well, he was disposed to talk and I just listened to what he had to say.

In the police station the defendant was again advised of his rights but voluntarily made a statement on tape without any request for an attorney. This tape was not put in evidence but the voluntary statements made at the time of arrest and on the way to the station were.

The position of defendant's counsel on this appeal is that when the defendant said, "I guess I ought to talk to a lawyer before I make a formal statement, but I'll tell you what happened," he thereby precluded the officer not only from asking any questions but also from remembering what was voluntarily said by the defendant.

No court has gone this far, and it would be a travesty upon the law for us to hold that an officer could not relate what a garrulous accused voluntarily said, and especially is this so when no questions were propounded to him.

A case very similar to this one has just been decided by this court, viz., State of Utah v. Scandrett, 24 Utah 2d 202, 468 P. 2d 639. The reasons therein set forth are applicable to the one now before us and are determinative of the issues herein.

There being no error in this case, the judgment of the trial court and the sen-

**226**

tence imposed upon the defendant are affirmed.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.